UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIMBERLY J. LALLI and JOSEPH M. LALLI,

        Plaintiff(s),

v.

BANK OF AMERICA, N.A., et al.,

        Defendant(s).

2:12-CV-1221 JCM (PAL)

**ORDER**

    Presently before the court is defendants Bank of America's ("BOA"), U.S. Bank National Association's ("US Bank"), and TD Service Company's motion to dismiss plaintiffs Kimberly and Joseph Lalli's complaint. (Doc. #14). Plaintiffs have responded (doc. #20), and defendants have replied (doc. #21).

**I.   Background Facts**

    The instant dispute concerns property located at 735 Fife Street, Henderson, Nevada 89015 ("the property"). (Doc. #14 at 2). Plaintiff acquired ownership of the property on or around March 28, 2000, by obtaining a $234,500 loan from Novastar Mortgage Corporation, which was secured by a first position deed of trust encumbering the property. (Doc. #14 at 2). Plaintiffs refinanced the property in May 2007 with a $592,000 loan from First Franklin Financial Corporation, which was secured by a first position deed of trust encumbering the property. (Doc. #14 at 2). Defendant BOA acquired plaintiffs' loan. (Doc. #1, ex. A at 2).

**James C. Mahan**
**U.S. District Judge**

Plaintiffs defaulted on their property. A notice of default and election to sell was executed and recorded on July 8, 2009. (Doc. #14 at 2). A substitution of trustee naming defendant T.D. Service Company as trustee was executed on July 8, 2009, and recorded on July 11, 2009. (Doc. #14 at 2). Defendant US Bank is the successor trustee to defendant BOA. (Doc. #1, ex. A at 2).

Plaintiffs filed for chapter 7 bankruptcy protection on May 18, 2010. (Doc. #14 at 2). Plaintiffs stated it was their intent to surrender the property. (Doc. #14 at 2). Plaintiffs received a chapter 7 discharge on September 13, 2010. (Doc. #14 at 2). Plaintiffs admit their default. (Doc. #14, ex. I at 7). Plaintiff's allegations arise after they stated their intent to abandon the property and received the chapter 7 discharge.

US Bank purchased the loan on the property from BOA at a foreclosure trustee sale on June 24, 2011. (Doc. #1, ex. A at 2). On September 28, 2011, defendants sent plaintiffs a letter for a trial period loan modification. (Doc. #1, ex. A at 5). Plaintiffs made three monthly payments under the trial plan. (Doc. #1, ex. A at 5). On January 12, 2012, defendants sent plaintiffs an offer for final loan modification. (Doc. #1, ex. A at 5). The offer was never signed or agreed upon. (Doc. #14 at 10). In the beginning of March 2012, plaintiffs were served with an unlawful detainer complaint, filed by US Bank based on the foreclosure sale that occurred on June 24, 2011. (Doc #1, ex. A at 6).

Plaintiffs filed the instant complaint on July 11, 2012, alleging ten causes of action: (1) promissory estoppel, (2) wrongful foreclosure/quiet title, (3) misrepresentation, (4) unjust enrichment, (5) breach of contract, (6) injunctive relief, (7) conversion, (8) negligence, (9) negligent infliction of emotional distress, and (10) punitive and special damages. (Doc. #1, A at 6-13). In the prayer for relief, plaintiffs request: (1) damages, (2) preliminary/permanent injunction staying any and all eviction proceedings, (3) declaratory relief quieting title in name of plaintiffs, (5) reinstatement of the loan in plaintiffs' names including a permanent modification with clear instructions who the lender is, and (6) fees and costs. (Doc. #1, A at 13-14).

**II.    Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

James C. Mahan
U.S. District Judge

- 2 -

1  statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

**III.   Discussion**

**(1)   Promissory Estoppel**

Plaintiffs allege defendants violated the doctrine of estoppel by causing plaintiffs to rely to their detriment that foreclosure would not occur and the loan on the property would be modified.

To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) he must have relied to his detriment on

the conduct of the party to be estopped. *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984). "The doctrine of promissory estoppel, which embraces the concept of detrimental reliance, is intended as a substitute for consideration, and not as a substitute for an agreement between the parties." *Vancheri v. GNLV Corp.*, 105 Nev. 417, 421, 777 P.2d 366, 369 (1989)**.**

In the instant case, the plaintiffs were offered a trial loan modification and assert that they detrimentally relied on the belief they would receive a permanent loan modification. Defendants offered plaintiffs a permanent loan modification after the conclusion of the trial period. Plaintiffs assert they still had questions about the agreement and were unable to contact BOA to clarify their issues. The loan modification agreement was never agreed upon, signed, or executed.

A failed negotiation is not a basis for promissory estoppel. Because no agreement was reached on the loan modification, this cause of action must be dismissed.

**(2)     Wrongful foreclosure/quiet title**

Plaintiffs allege they never received notice of foreclosure as required by NRS § 107.080. "Nevada recognizes the tort of wrongful foreclosure where a homeowner alleges a lender wrongfully exercised the power of sale and foreclosed upon their property *when the homeowner was not in default on the mortgage loan*." *Berilo v. HSBC Mortgage Corp., USA*, 2010 WL 2667218, *3 (D. Nev. 2010) (emphasis added).

"An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983).

In this case, plaintiffs do not dispute they were delinquent on their payments at the time of the foreclosure sale. Under Nevada law, the homeowner must not be in default on the mortgage loan in order to assert a wrongful foreclosure cause of action. Accordingly, the court must dismiss this cause of action.

. . .

James C. Mahan
U.S. District Judge

- 4 -

**(3)     Misrepresentation**

Plaintiffs allege defendants made misrepresentations that plaintiffs' loan would be modified, foreclosure would not occur, and the eviction would be placed on hold.

To establish a claim for intentional misrepresentation: (1) a representation must be made with knowledge or belief that it is false or without a sufficient foundation, (2) there must be an intent to induce another's reliance, and (3) damages must result from that reliance. *Collins v. Burns*, 103 Nev. 394, 397, 741 P.2d 819, 821 (1987).

In addition, Federal Rule of Civil Procedure 9(b) provides that all "circumstances constituting the fraud. . . shall be stated with particularity." *Berry v. Valence Tech., Inc.*, 175 F.3d 699, 706 (9th Cir.1999). "[A] Plaintiff asserting fraud against a corporate [entity] must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (internal quotation omitted). *Roberts v. McCarthy*, 2011 WL 1363811, *3 (D. Nev. 2011)

The complaint does not include the names of the persons who made the allegedly fraudulent representations, discuss their authority to speak, identify to whom they spoke, detail what they said or wrote, or when it was said or written as required by Nevada law. Plaintiffs do not assert any facts more than "defendants made misrepresentations that plaintiffs' loan would be modified, foreclosure would not occur, and that the eviction would be placed on hold." As such, this cause of action lacks the particularity required by Fed. R. Civ. P. 9(b) and must be dismissed.

**(4)     Unjust enrichment**

Plaintiffs allege defendants were unjustly enriched when plaintiffs made three timely payments as part of a trial loan modification agreement. Under Nevada law, a claim for unjust enrichment lies where "a person has and retains a benefit which in equity and good conscience belongs to another." *Leasepartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 113 Nev. 747, 942 P.2d 182, 187 (1997). A cause of action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.*

James C. Mahan
U.S. District Judge

- 5 -

In the instant case, there is undisputably a written contract from the initial loan agreement between the plaintiffs and the defendants. Because the theory of unjust enrichment applies only to situations where there is no legal contract, the cause of action must be dismissed.

**(5)  Breach of contract**

Plaintiffs allege defendants breached the trial loan modification agreement by attempting eviction, despite plaintiffs' compliance with said trial agreement. "Nevada law requires the plaintiff in a breach of contract action to show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damages as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405, 405 (Nev.1865)).

Plaintiffs never signed or agreed upon the permanent loan modification that BOA offered to them after the three successful trial payments. Plaintiffs assert they had questions about BOA's proposed modification and were unable to speak with a representative to answer their questions. Plaintiffs do not dispute they never signed the permanent loan modification agreement. Accordingly, no valid loan modification contract exists. Because the first element of breach of contract cannot be satisfied, this cause of action must be dismissed.

**(6)  Conversion**

Plaintiffs allege defendants have misappropriated, unlawfully exercised domain, and converted for their use and benefit plaintiffs' loan payments to the detriment of plaintiffs. Plaintiffs argue whether a conversion has occurred is an issue to be resolved by the trier of fact.

Under Nevada law, conversion is a "distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Wantz v. Redfield*, 74 Nev. 196, 326 P.2d 413, 414 (Nev. 1958).

Pursuant to the note and deed of trust, the defendants were entitled to collect loan payments as a matter of law. Accordingly, this is not inconsistent with title and the cause of action must be dismissed.

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

**(7)    Negligence**

Plaintiffs allege defendants had a duty to provide plaintiffs with effective and accurate management of plaintiffs' loan. This included a duty to consider a loan modification agreement when the loan modification was denied based on defendants' failure to properly review the loan and calculate whether a loan modification was appropriate.

Plaintiff asserts that defendant was negligent for improperly computing eligibility for loan readjustment and accordingly denying a loan readjustment. To state a cause of action for negligence, a plaintiff must prove that the defendant owed a duty to him, breached that duty, the breach caused plaintiff's injuries, and plaintiff suffered damages. *See Scialabba v. Brandise Constr. Co.,* 112, Nev. 965, 921 P.2d 928 (1996).

This court has stated before that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Hubel v. BAC Home Loans Servicing, LP*, No. 2:10–cv–1476, 2010 WL 4983456, at *3 (D. Nev. Dec. 2, 2010). In this case, defendants owed no legal duty to plaintiffs to negotiate or approve a loan modification agreement. Without such a duty, plaintiff's negligence claim must be dismissed.

**(9)    Negligent infliction of emotional distress**

Plaintiffs allege they were emotionally injured and suffered severe mental anguish, conscious pain, and emotional distress from the actions of defendants.

In order to state a claim for negligent infliction of emotional distress, plaintiffs must demonstrate, *inter alia*, physical manifestation of their emotional distress. *See Betsinger v. D.R. Horton, Inc.*, 126 Nev. 17, at 3-4 (2010). Plaintiffs have not pled any facts demonstrating a physical manifestation of emotional distress. Plaintiffs merely plead they were "emotionally injured and suffered severe mental anguish, conscious pain, and emotional distress from the actions of defendants." These allegations do not demonstrate a physical manifestation of their emotional distress. Under Rule 12(b)(6), the plaintiffs have alleged but not shown they are entitled to relief. *Iqbal*, 129 S.Ct. at 1949. Accordingly, this cause of action must be dismissed.

James C. Mahan
U.S. District Judge

- 7 -

**(10) Punitive and special damages**

Plaintiffs allege defendants' conduct and omissions were extreme and outrageous and thus defendants should be subject to punitive damages. Furthermore, plaintiffs allege as a result of the actions and conduct of defendants, plaintiffs suffered damages, including, but not limited to, attorney's fees and costs.

Whereas defendants' motion to dismiss is granted in its entirety, plaintiff is not entitled to the requested relief.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #14) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter judgment and close the case.

DATED January 29, 2014.

_James C. Mahan_
**UNITED STATES DISTRICT JUDGE**